IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of BIG-D CORPORATION, a Utah corporation, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RAFTER H CONSTRUCTION, LLC, an Idaho limited liability company, et al., <br><br> Defendants. | Case No. 1:18-mc-10002-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

This is a collection action in which plaintiff Big-D is attempting to collect a Judgment it obtained in Wyoming Federal District Court. Big-D received that Judgment on January 24, 2018, following a jury trial, in the sum $962,349.36 against defendant Rafter H Construction LLC. The amount currently due is $766,684.62.

Big-D registered the Judgment in Idaho, and on April 16, 2018, Judge Lodge entered a Writ of Execution directing that any of Rafter's non-exempt assets in Idaho be seized to satisfy the Judgment. The Writ was served on Rafter's attorney on April 30, 2018, but the process server was unable to serve anybody at Rafter despite several attempts. *See Process Return (Dkt. Nos. 12,13 & 14).*

On May 25, 2018, Big-D filed a motion for a judgment-debtor examination, asking the Court to (1) set a hearing for Rafter to appear and answer questions about its

**Memorandum Decision & Order – page 1**

property and income, and (2) restrain Rafter from disposing of any non-exempt assets pending the hearing. Rafter has not filed any response to the motion and the deadline for responding has passed. On June 19, 2018, this case was reassigned from Judge Lodge to this Court.

Under 28 U.S.C. § 1963, a Judgment entered in Wyoming and registered in Idaho has the "same effect as a judgment of the district court . . . [in Idaho] and may be enforced in like manner." Pursuant to the Writ of Execution entered by Judge Lodge, the Judgment is a lien on Rafter's non-exempt property and assets in Idaho, to the same extent as under State law. *See* 28 U.S.C. § 1962. Idaho law states that whenever the debt is not satisfied by the execution of the Writ, the judgment creditor is entitled to a hearing where the judgment debtor must appear and answer questions about its property and assets. *See* Idaho Code § 11-501. Idaho law also grants courts authority to restrain the judgment debtor from disposing of any nonexempt assets pending the hearing. *See* Idaho Code § 11-502.

Pursuant to this authority, the Court will grant Big-D's motion, direct the Clerk to set up a hearing, and restrain Rafter from disposing of any non-exempt assets pending the hearing. The Court will also authorize that this decision may be served by an entity other than the U.S. Marshal.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for judgment debtor exam (docket no. 16) is GRANTED.

**Memorandum Decision & Order – page 2**

IT IS FURTHER ORDERED, that the motion for service (docket no. 17) is GRANTED.

IT IS FURTHER ORDERED, that the Clerk shall send out a Notice of Hearing for a judgment debtor examination of Rafter H Construction LLC.

IT IS FURTHER ORDERED, that at the judgment debtor examination, a representative of Rafter H Construction LLC, with authority to speak for the company, shall answer questions concerning Rafter's property and assets.

IT IS FURTHER ORDERED, that Rafter H Construction LLC is restrained and enjoined from selling, loaning, giving away or otherwise disposing of its non-exempt assets and property pending this hearing. Failure to comply with this Order may result in contempt proceeding against Rafter H Construction LLC.

DATED: July 2, 2018

B. Lynn Winmill
Chief U.S. District Court Judge